IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| IN RE: SPX CORPORATION ERISA LITIGATION | : : : : | No. 3:04 cv 192 |
|---|---|---|

**AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SCHEDULING HEARING ON FAIRNESS OF SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(e)**

The motion of Plaintiff for an Order: (1) preliminarily approving the Settlement of the Lawsuit, pursuant to the terms and conditions of the Settlement Agreement, dated December 21, 2006; (2) approving the form of Notice and Publication Notice and the mailing of the Notice; (3) conditionally certifying the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(1) and (b)(2) for purposes of the Settlement, and the final approval thereof; (4) scheduling a hearing to consider the fairness of the Settlement pursuant to Fed. R. Civ. P. 23(e), and to consider the application for Attorney Fees and Expenses by Plaintiff's Counsel pursuant to the common fund doctrine and the application for an incentive award for Plaintiff having come before the Court, and upon consideration of the Settlement Agreement, Plaintiff's motion in support thereof, and exhibits attached thereto, and the pleadings and records on file, and good cause appearing, it is hereby ORDERED as follows:

1.  To the extent not otherwise defined herein, all capitalized terms

1

shall have the same meaning as used in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all parties to it, including all members of the Settlement Class and all Defendants.

3. The Settlement documented in the Settlement Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate; to have been the product of serious, informed, and extensive arms' length negotiations among the parties; and to reflect the hard-fought compromise of a genuine controversy between the Parties involving the Defendants' compliance with the fiduciary requirements of ERISA.

4. The Court finds that the form of the Notice and the Publication Notice attached to this Order as Exhibits A and B, respectively, are APPROVED. In substantially such form, such Notice shall be mailed by first class mail, postage prepaid to the last known address of all Settlement Class members within forty (40) days of entry of this Order; and (b) such Publication Notice shall be published in the *Wall Street Journal,* (national edition), or in such other publication as the Court may authorize, within forty (40) days of entry of this Order. Plaintiffs' Counsel shall file an affidavit, at or before the Fairness Hearing, attesting to the mailing and publication of the Notice and the Publication Notice with the Court.

5. The form and manner of delivery and publication of the Notice and Publication Notice directed hereby and in the Settlement Agreement meet the

requirements of Fed. R. Civ. P. 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all members of the Settlement Class.

6. The Court hereby PRELIMINARILY APPROVES the maintenance of the Lawsuit as a class action for purposes of the Settlement pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1) and (b)(2). Specifically, the Court FINDS that: (a) the number of members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named Plaintiff are typical of the claims of the Settlement Class; (d) the named Plaintiff will fairly and adequately represent the interest of the Settlement Class; (e) the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudications with respect to individual members of the Settlement Class which would establish incompatible standards of conduct for the Defendants, or (ii) adjudications with respect to individual members of the Settlement Class which would as a practical matter be dispositive of the interests of the other members of the Settlement Class; (f) the Defendants have acted or refused to act on grounds generally applicable to the Settlement Class; (g) Plaintiff seeks relief which is predominantly injunctive or declaratory in nature, and (h) the monetary relief sought flows directly from liability to the Settlement Class as a whole on the claims forming the basis of the injunctive or declaratory relief.

7. Accordingly, for purposes of the Settlement only, the Lawsuit is hereby CERTIFIED as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and (b)(2), with the Settlement Class defined as follows:

> All participants or beneficiaries of the SPX Corporation Retirement Savings and Stock Ownership plan, as amended and restated effective December 31, 1999, sponsored by the SPX Corporation, whose retirement savings in the Plan included interests in the SPX Stock Fund during the period from July 28, 2003 to the present.

8. A hearing (the "Settlement Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby SCHEDULED to be held before the Court on April 10, 2007, at 2:00 pm in Courtroom *One* for the following purposes:

(a) to determine finally whether the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(1) and (b)(2);

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Order and Judgment (attached as Exhibit 2 to the Settlement Agreement) should be entered, and to determine whether the Released Parties defined therein should be released from liability as provided in the Order and Judgment;

(d) to determine whether the proposed Plan of Allocation of the Settlement Fund is fair and reasonable, and should be approved by the Court;

(e) to consider whether Plaintiff's Counsels' application for an award of Attorney Fees and Expenses pursuant to the common fund doctrine, and

4

whether the application for an incentive payment to Plaintiff, are fair and reasonable and should be approved by the Court;

(f) to rule upon such other matters as the Settlement Agreement contemplates, and as the Court may deem appropriate.

9. Any of the Parties' papers with respect to whether the Settlement and the Plan of Allocation should be approved, and any application by Plaintiff's Counsel for payment of attorney's fees and reimbursement of expenses, and any application for an incentive payment to Plaintiff, together with papers in support thereof, shall be filed with the Court and served on all other parties to the Settlement Agreement on or before March13, 2007. Copies of such materials shall be available for inspection at the Office of the Clerk.

10. The Court having determined preliminarily that this action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and (b)(l) and (b)(2), Settlement Class members shall be bound by any judgment in this Action, whether favorable or unfavorable, subject to the Court's final determination at the Settlement Fairness Hearing as to whether this Action may so proceed.

11. At the Settlement Fairness Hearing, the Court shall consider comments or objections to the certification of the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(1) and (b)(2), the Settlement, the Plan of Allocation, and the award of Attorney Fees and Expenses and the Plaintiff incentive award, *but only if* such comments or objections and any supporting papers are filed in writing or electronically with the Clerk of the Court, United States District Court

for the Western District of North Carolina, 401 West Trade Street, Charlotte, North Carolina, 28202, on or before March 27, 2007, and by the same date, copies of all such papers are served on each of the following persons:

> *Class Counsel*
>
> Todd S. Collins
> **BERGER & MONTAGUE, P.C.**
> 1622 Locust Street
> Philadelphia, PA 19103
> (215) 875-3000 / (215) 875-4604 (fax)
>
> *Defendants' Counsel*
>
> Ross B. Bricker
> **JENNER & BLOCK, LLP**
> 330 N. Wabash Avenue
> Chicago, Illinois 60611-3608
> (312) 923-4524/ (312) 840-7524 (fax)

12. Persons wishing to speak at the Settlement Fairness Hearing must send a letter so informing the Clerk of the Court, Class Counsel, and Defendants' Counsel, following the procedure set forth in the Notice attached hereto as Exhibit A.

13. Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, or the requests for Attorney Fees and Expenses, or the Plaintiff incentive award, shall state in their written objection(s) their intention to appear at the Settlement Fairness Hearing. Such persons must identify in their written objections the names of any witness they may call to testify, and any exhibits they intend to introduce into the evidence at the

Settlement Fairness Hearing. Settlement Class members do not need to appear at the hearing or take any other action to indicate their approval.

14. Pending final determination of whether the Settlement should be approved, the parties, all members of the Settlement Class, and the Plans are each hereby BARRED AND ENJOINED from instituting or prosecuting any action that asserts any claim to be released by the Order and Judgment against any Released Persons as defined in the Order and Judgment.

15. If the Settlement Agreement is terminated or the Court does not approve its terms, this Preliminary Order shall be null, void and of no further force or effect, and each party to the Settlement Agreement shall be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement.

16. The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate and resolution of any and all disputes arising thereunder.

**SO ORDERED** this 26th day of December 2006.

_____
HON. FRANK D. WHITNEY