# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE SPX CORPORATION | : | No. 3:04 cv 192 |
| ERISA LITIGATION | : | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

THIS MATTER came before the Court for hearing pursuant to an Order of this Court, entered December 26, 2006, on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement dated as of December 21, 2006, to determine: whether the terms and conditions of the Settlement Agreement dated December 21, 2006 (the "Agreement") should be approved as fair, reasonable and adequate to settle the claims raised in the Amended Complaint ("Complaint"), including the release of SPX Corporation ("SPX" or the "Company") and the Releases, as those terms are defined in the Agreement; whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of Defendants and against all Class Members; whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Class Members; whether to approve Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses; whether to approve the application for an award to Plaintiff Wendy Reichert; whether a Notice of the hearing substantially in the form approved by the Court was mailed to all participants or beneficiaries of the SPX Corporation Retirement Savings and Stock Ownership Plan (the "Plan") whose retirement savings in the Plan included interests in the SPX Stock Fund during the period July 28, 2003, to the present (the "Class Period"), except those persons or entities excluded from

the definition of the Settlement Class; whether a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and having considered all matters raised at the hearing, and all capitalized terms used herein having the meanings as set forth and defined in the Agreement:

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement. Additionally, rather than needlessly recite the uncontested facts and procedural history, the Court hereby incorporates by reference the facts stated within Lead Plaintiffs' Memorandum of Law in Support of Settlement (Doc. No. 39), Lead Plaintiffs' Memorandum of Law in Support of An Award of Attorneys' Fees and Reimbursement of Expenses (Doc. No. 40), the Settlement Agreement in its entirety, and each of the Declarations submitted in support of the instant motions.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including the Plan and all members of the Settlement Class.

3. The Court hereby approves the maintenance of this Action as a class action for purposes of this Settlement pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1) and (b)(2), with the class being defined as follows: all persons who were participants or beneficiaries of the SPX Corporation Retirement Savings and Stock Ownership Plan, as amended and restated effective

December 31, 1999, sponsored by the SPX Corporation, whose retirement savings in the Plan included interests in the SPX Stock Fund during the period from July 28, 2003, to the present.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the reasons stated by the Court at the final approval hearing on April 10, 2007, this Court hereby approves and confirms the Settlement set forth in the Agreement, and the Exhibits thereto, and approves the Plan of Allocation set forth in the Notice, and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Named Plaintiff, the Plan, the Settlement Class and each of the Settlement Class members. This Court further finds the Settlement set forth in the Agreement is the result of vigorous arm's-length negotiations by Named Plaintiff and Appointed Counsel on behalf of the Plan and the Settlement Class. At all times, the Named Plaintiff has acted independently, and her interests are identical to the interests of the Plan and the Settlement Class. Accordingly, the Court determines that the negotiation and consummation of the Agreement by Named Plaintiff on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined in ERISA 406(a) or (b). The Court's oral ruling on April 10, 2007, more fully set forth a specific factual basis to support this ruling and is hereby fully incorporated herein. The Settlement embodied in the Agreement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The settling Parties are hereby directed to perform the terms of the Agreement.

5. The Action is hereby dismissed with prejudice, each party to bear its own costs, except as provided herein.

6. Upon the Effective Date hereof, and in consideration of (a) Defendants' agreement to pay the amount of $3,600,000.00 (the "Cash Settlement Amount"), and (b)

Defendants' release of Defendants' Released Claims, as set forth in the Settlement, Named Plaintiff, the Plan, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have: (1) fully, finally, and forever released, relinquished and discharged all Released Claims against Defendants, and each of them, and (2) agreed to refrain from instituting, commencing, or prosecuting, either directly or indirectly, representatively, or in any other capacity, any and all Released Claims.

7. Upon the Effective Date, by operation of this Judgment, Named Plaintiff, all Settlement Class members and the Plan shall be barred and enjoined from prosecuting the Released Claims against Defendants.

8. Upon the Effective Date, in consideration of the releases to be provided by Named Plaintiff, the Plan, the Settlement Class, and all members thereof, Defendants, and each of them, shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged Named Plaintiff, the Plan, Settlement Class members, Appointed Counsel, and each of them, from all Defendants' claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

9. The Notice of Class Action Settlement transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Said Notice provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement to all persons entitled to such

notice, and such Notice has fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

10. The Court hereby approves the Plan of Allocation as set forth in the Notice distributed to the Class as fair and reasonable.

11. Neither the Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Named Plaintiff, the Plan, and the Settlement Class, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, fault of Defendants, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of Defendants, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against Defendants, Named Plaintiff, the Plan, and the Settlement Class, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the settling Parties, or each or any of them, that any of the Named Plaintiff's claims on behalf of the Plan and Settlement Class are with or without merit, that damages recoverable

under the Named Plaintiff's operative complaint on behalf of the Plan and Settlement Class would have been greater or less than the Cash Settlement Amount or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial. Any of the settling Parties may file this Agreement and/or the Final Order and Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of <u>res judicata</u>, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees and expenses and Named Plaintiff's proposed incentive award in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Agreement.

13. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. Appointed Counsel are awarded fees in the amount of twenty-eight percent (28%) of the Settlement Fund, plus reimbursement of expenses in the amount of <u>$27,960.20,</u> plus interest to the same extent that interest has been earned on the Settlement Fund, both to be paid from the Settlement Fund pursuant to the common fund doctrine and the terms of the

Agreement. Named Plaintiff Wendy Reichert is awarded an incentive payment and compensation in the amount of $7,500.00, to be paid from the Settlement Fund.

15. In the event that the Settlement does not become effective in accordance with the terms of the Agreement or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

16. The Court hereby finds that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay of entry of this final judgment and hereby directs its entry.

IT IS SO ORDERED.

Signed: April 13, 2007

Frank D. Whitney
United States District Judge