IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE SPX CORPORATION ERISA LITIGATION | : : : : | No.3:04 cv 192 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR AN ORDER TO APPROVE
DISTRIBUTION OF THE SETTLEMENT FUND**

**A.     INTRODUCTION**

Plaintiff seeks to distribute the funds from the Settlement in the above action. Plaintiff brought suit pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") on behalf of a class of persons who were participants in the SPX Corporation Retirement Savings and Stock Ownership Plan ("SPX Retirement Plan") between July 28, 2003 and December 21, 2006, and suffered damage because they invested in the SPX Stock Fund, which was one of the investment options in the SPX Retirement Plan.

Plaintiff resolved the action in a settlement with SPX for $3.6 million. The proceeds from the Settlement were placed in a Notice and Administration account and in a Settlement Fund account at Citizen's Bank, where they have been earning interest. The amounts this Court awarded as an incentive fee for the named Plaintiff and as attorney's fees and expenses have been paid out of the Settlement Fund, leaving a fund that will be used to pay any remaining amounts due the Administrator, Heffler, Raditech & Saitta LLP, ("HR&S"), and to pay taxes on interest. The remainder of the Settlement Fund (the "Net Settlement Fund") will be distributed to the SPX Retirement Plan for the accounts of the Authorized Claimants.

Plaintiff's counsel retained HR&S to coordinate the notice program and to

calculate the amounts due to Class Members. HR&S has many years of experience in administering class action settlements in many different types of cases. See the Declaration of Edward J. Sincavage, of Heffler, Raditech & Saitta LLP, (the "Sincavage Declaration") ¶ 1, attached to Plaintiff's Motion for an Order to Approve Distribution of the Settlement Fund (the "Motion") as Exhibit 1.

Following Notice to the Class, this Court conducted a hearing on Plaintiff's Motions for Approval of the Settlement and Approval of the Application for an Award to Named Plaintiff and the Petition of Plaintiff's Counsel for an Award of Attorneys' Fees and Reimbursement of Expenses. On April 13, 2007, this Court issued the Final Judgment and Order of Dismissal with prejudice certifying the Class, approving the Settlement and Plan of Allocation, dismissing the action with prejudice, and approved plaintiffs' counsels' fees and expenses and the incentive award to Plaintiff. The Stipulation of Settlement contains the Plan of Allocation pursuant to which each Authorized Claimant's pro rata share of the Net Settlement Fund is to be determined. The Court retained jurisdiction to determine any matters relating to the administration of the Settlement.

Plaintiff's counsel are now in a position to seek Court approval of the distribution of the Net Settlement Fund, as set out in Exhibit C to the Sincavage Declaration, to be paid on a pro rata basis to the SPX Retirement Fund for the accounts of each of the Authorized Claimants.

**B.      SUMMARY OF THE PREPARATION OF THE CLAIMANTS LISTING**

Attached as Exhibit A to the Sincavage Declaration is the Claimants Listing as of March 4, 2008 (the "Claimants Listing"), showing the names of the Claimants who had

Net Losses, their individual Net Losses and their pro rata percentage of the Net Settlement Fund. The aggregate Net Losses are $2,916,837.17.

HR&S received the names and addresses of all 17,059 potential Settlement Class Members, and sent out notice as explained in Plaintiff's Motion for Approval of the Settlement. Sincavage Declaration ¶¶ 3, 4. After this Court approved the Settlement, HR&S received an updated file from defense counsel showing all Class Members. Sincavage Declaration ¶ 8. HR&S compared that list with the list of those receiving Notice and resolved all discrepancies. Sincavage Declaration ¶ 9. HR&S then calculated Net Losses pursuant to the Plan of Allocation and again resolved discrepancies with Defendants. Sincavage Declaration ¶¶ 10-11. HR&S then manually removed from the list the SPX officers, directors and employees who were excluded from the Class. Sincavage Declaration ¶12. Finally, HR&S identified those persons who had a Net Loss as a result of investments in the SPX Stock Fund. Sincavage Declaration ¶¶13-14. Those 3015 Class Members with a net loss are listed on Ex. A to the Sincavage Declaration, along with the percentage of each Claimant's individual loss compared to the total of all losses (the "Percentage"). On this Court's approval, HR&S will subtract the total present and future Administrative expenses and taxes from the Settlement Fund, yielding the Net Settlement Fund. Then, using the Percentage, HR&S will calculate each Claimant's share of the Net Settlement Fund to be deposited into the SPX Retirement Fund for the account of that Class Member.

C. **REQUEST FOR APPROVAL OF HR&S SUMMARY**
   **REPORT AND DISTRIBUTION TO AUTHORIZED CLAIMANTS**

3

Plaintiff's counsel request that the Court approve the disposition of each claim listed in the Claimants' Listing so that the pro rata share for each Class member listed on Exhibit A can be deposited into the Class Member's account in the SPX Retirement Fund.

HR&S has incurred $23,933.37 in unreimbursed fees and costs in connection with claims administration of this Settlement. Exhibit B to the Sincavage Declaration. (Additional fees and costs in connection with the Settlement administration have already been paid from the Settlement Fund.)  HR&S incurred fees and expenses for, inter alia, preparing a correct mailing list and sending Notice, administering the Notice program, identifying and eliminating excluded Class Members and identifying those who had sustained a loss in their investments in the SPX Stock Fund.  HR&S also incurred expenses, including postage, checks, envelopes, printing, binding and miscellaneous costs.  HR&S's invoice and summary for presently owed fees and costs, and estimated future expenses is attached as Exhibit B to the Sincavage Declaration.  An additional $9,772  has been incurred for taxes on the interest earned by the Fund, which has been paid out of the Settlement Fund. Exhibit C to the Sincavage Declaration. The total of all of the fees and costs listed in this paragraph, including taxes, is $33,705.37.  Exhibit C to the Sincavage Declaration.

HR&S, under the direction of Plaintiff's counsel, intends to distribute the Net Settlement Fund to the SPX Retirement Fund promptly after the proposed Distribution Order becomes final.  HR&S estimates that, with accrued interest and the payment of fees, taxes and expenses described in Plaintiff's Distribution Motion, the Settlement Fund has a net value of approximately $2,651,234  as of March 31, 2008.  Exhibit C  to

the Sincavage Declaration. This equals approximately 91% of the aggregate Net Losses of $2,916, 837.17 that Class members suffered as a result of their SPX Stock Fund investments. Additional interest will continue to accrue until distribution is made.

**D.     REQUEST FOR DISPOSITION OF ADMINISTRATOR'S RECORDS**

Plaintiff also requests the Court to find that, 365 days after the initial distribution of the Net Settlement Fund to the SPX Retirement Fund, it will be appropriate for HR&S to destroy all correspondence related to Notice. HR&S should be ordered to retain all administrative records, including their copy of the Claimants' Listings and their computer database used to create the Claimants' Listings and the ultimate amount paid to each Claimant's retirement account, for a period of three years after the initial distribution of the Net Settlement Fund to the SPX Retirement Fund.

**E.     REQUEST FOR RELEASE AND DISCHARGE OF THOSE INVOLVED CLAIMS PROCESSING**

Finally, Plaintiff requests that the Court release and discharge all persons who have been involved with claims processing and payment, including HR&S, Plaintiff, Plaintiff's counsel, and anyone else with responsibility to process and make the claims payments. Plaintiff requests that the Court bar any claimant or Class Member, whether or not he or she received a payment, from making any further claim against the Settlement Fund or any of the persons released above.

**WHEREFORE**, Plaintiff's counsel respectfully requests that the Court enter the proposed Distribution Order to allow the costs and expenses of Settlement administration to be paid and/or reserved and then permit distribution of the Net Settlement Fund.

5

Dated: April 11, 2008                    Respectfully submitted,

/s/ *Geraldine Sumter*
Bar No. 11107
**FERGUSON, STEIN, CHAMBERS**
**GRESHAM & SUMTER, P.A.**
741 Kenilworth Ave., Suite 300
Charlotte, NC 28204
Telephone:  (704) 375-8461
Facsimile: (704)-334-5654
Email: gsumter@fergusonstein.com
*Liaison Counsel*


/s/ **Todd Collins**
Todd Collins, Esq.
Neil Mara, Esq.
Elizabeth W. Fox, Esq.
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA   19103
(215) 875-3000


Jason L. Brodsky, Esq.
Marc L. Ackerman, Esq.
**BRODSKY & SMITH, LLC**
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
(610) 667-6200
*Co-Lead Counsel*